**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*
*James M. Hanley Federal Building*
*Syracuse, New York 13261-7198*

*Tel.: (315) 448-0672*
*Fax: (315) 448-0658*

February 15, 2024

Hon. Miroslav Lovric
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

RE: *United States v. Smith*
5:24-CR-073 (DNH)

Dear Judge Lovric:

In anticipation of the arraignment scheduled for February 22, 2024 in the above-mentioned case, I am writing to alert the Court of the need to advise the defendant of his rights under the Interstate Agreement on Detainers Act ("IADA"). *See* 18 U.S.C. App. 2, § 2.

The defendant is currently incarcerated at Franklin State Correctional Facility in Malone, New York, where he is serving a prison sentence for Sexual Abuse in the First Degree. He will be brought to this Court on February 22 pursuant to a writ.

Pursuant to the IADA's so-called "anti-shuttling rule," once a defendant is brought into federal custody to face federal charges, he has the right to remain in federal custody until those charges are resolved. *Id*. at Art. IV(c) and (e). Failure to permit a transported defendant to remain in federal custody could result in dismissal. *See e.g., Alabama v. Bozeman*, 533 U.S. 146, 150 (2001) (holding that the anti-shuttling provision of the IADA dictates "that trial must be had prior to the prisoner's being returned to the original place of imprisonment; otherwise, the charges shall be dismissed with prejudice."). The anti-shuttling provision of the IADA applies to this defendant because he is a state prisoner facing federal criminal charges and is being transferred to federal custody from a state correctional facility. *See* 18 U.S.C. App. 2, § 2, Art. III(a).

Thus, once the defendant is removed from state custody via writ for the arraignment next week (see Dkt. No. 8), he has the right to remain in federal custody pending resolution of his federal charges, unless he specifically waives that right and agrees to return to state custody. Accordingly, the government intends to move for detention at the arraignment so that the defendant will remain in custody of the United States Marshals Service, unless, after the Court informs him of his rights under the IADA, the defendant agrees to waive those rights. *See e.g., Bozeman*, 533 U.S. at 156-157 (holding that the receiving Court may return the prisoner back to the sending state when "the prisoner accordingly waives his rights under [IADA] Article IV(e).").

Respectfully,

CARLA B. FREEDMAN
United States Attorney

By: ______________________________
Jessica N. Carbone
Assistant United States Attorney
Bar Roll No. 703490