**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*
*James M. Hanley Federal Building*
*Syracuse, New York 13261-7198*

*Tel.: (315) 448-0672*
*Fax: (315) 448-0658*

November 14, 2024

Hon. David N. Hurd
Alexander Pirnie Federal Bldg. and U.S. Courthouse
10 Broad Street
Utica, NY 13501

Re: *United States v. Smith*
Case No. 5:24-CR-073 (DNH)

Dear Judge Hurd:

The government respectfully submits this letter to supplement its sentencing memorandum filed on October 30, 2024 (Dkt. No. 30). The defendant's sentencing memorandum, filed on October 31, 2023 (Dkt. No. 31, hereinafter "Def. Memo") raises new arguments and objections not previously addressed, including objecting to the guideline range as calculated by probation in the presentence investigation report (Dkt. No. 34, hereinafter "PSR"). The government writes briefly here to address that point.

In both his sentencing memorandum and his objections to the PSR submitted the following week (attached here as Exhibit 1), the defendant contends that his guideline range is improper—specifically, that his maximum term of imprisonment should be different. Importantly, the defendant does not appear to allege that probation incorrectly applied the relevant guideline sections, just that he disagrees with the policy behind them. *See* Exhibit 1 at page 1 (calling the guideline calculation "counterintuitive."). Liberally construed, the defendant's primary contention is that stacking the maximum terms of imprisonment for each count to arrive at an aggregate maximum sentence pursuant to U.S.S.G. § 5G1.2(d) is improper given that the offenses are grouped under U.S.S.G. § 3D1.2(d).[1] *See* PSR Addendum, page 30. The defendant is mistaken.

Based on his total offense level and criminal history score, the defendant's guideline range would have been 360 months to life. *See* PSR ¶ 97. However, imposing a sentence within that guideline range could have resulted in an unlawful sentence, since the high end of the guideline range is higher than the maximum penalty outlined in 18 U.S.C. § 2252A(b)(1). As a result, U.S. Probation correctly applied U.S.S.G. § 5G1.2 to functionally reduce the defendant's maximum exposure.

---

[1] The parties appear to agree that probation properly grouped the offenses pursuant to U.S.S.G. § 3D1.2(d).

U.S.S.G. § 5G1.2 dictates the procedure for determining the "total punishment"—in other words, the combined length of the sentences to be imposed in a multi-count case. *See* U.S.S.G. § 5G1.2 n1. In order to avoid a defendant receiving a sentence that would be within his guideline range but higher than the statutory maximum sentence permitted for his crime, U.S.S.G. § 5G1.2 "restrict[s]" a defendant's guideline range so that it comports with the applicable statutory maximum sentence. *Id*. Here, probation correctly recognized that the top of the defendant's guideline range (life in prison) was higher than what would have been permissible under 18 U.S.C. § 2252A(b)(1). As a result, probation applied U.S.S.G. § 5G1.2(d), which orders that the maximum sentences run consecutively to one another in order to "produce a combined sentence equal to the total punishment." *See* PSR ¶ 97. In doing so, U.S. Probation calculated the adjusted top of the defendant's guideline range to be 1,680 months—the statutory maximum of 40 years per count each on counts 1 through 3, and 20 years on count 4, run consecutively. PSR ¶ 96, 97. This was correct.

In his filings, the defendant contends that U.S.S.G. § 5G1.2 does not require the maximum sentences here to be "stacked." *See* Dkt. No. 31 at pages 6-7; Exhibit 1 at page 1. This is simply incorrect. U.S.S.G. § 5G1.2 provides an "if" framework for analyzing multiple counts. The analysis starts at U.S.S.G. § 5G1.2(a), and if the factors of (a) apply, the analysis would be complete. If not, the analysis moves to U.S.S.G. § 5G1.2(b), then U.S.S.G. § 5G1.2(c), and continues on until the factors apply to the case at hand. Here, subsection (a) does not apply because no statute of conviction specifies a term of imprisonment to be imposed. Subsection (b) applies, and instructs to move on to subsections c through e. Subsection (c) does not apply because the count carrying the highest statutory maximum (here, 40 years), is inadequate to achieve the total punishment (here, life), so concurrent sentences would not be able to achieve that penalty. Subsection (d) does apply—because the count carrying the highest statutory maximum is less than the total punishment, the sentences imposed on the counts shall run consecutively. This principle is reiterated in the application notes, which state that usually, at least one count will have a statutory maximum adequate to encompass the total punishment, but if it does not, "consecutive sentences are to be imposed." U.S.S.G. § 5G1.2 n1. Probation's application of U.S.S.G. § 5G1.2(d) and the resulting total punishment of 360-1,680 months here is thus proper. *See United States v. Brown*, 843 F.3d 74, 82 (2d Cir. 2016) (holding that "[t]he district court correctly determined that the Guidelines range was 110 years based on the stacking maximums for the three production counts, which each carried a statutory maximum of 30 years, and the two possession counts, which each carried a statutory maximum of 10 years").

Contrary to the defendant's contention (*see* Dkt. No. 31 at page 7), nothing in *United States v. Lin* requires a different conclusion. 2023 WL 8711331 (2d Cir. Dec. 18, 2023). Indeed, *Lin* merely confirms what probation and the government have set forth within—that where there is a discrepancy between the high end of the guideline range (here, life) and the aggregate statutory maximum (here, 1,680 years), the final guideline range should be the lower of those two figures. *Id.* at *2. The PSR correctly sets forth that conclusion. PSR ¶ 97.

The defendant believes that his guideline range should be 360 months total, not 360-1,680 months, as correctly calculated by probation. Dkt. No. 31, page 7. His reasoning appears to be that a 360-month sentence is sufficient punishment for his crimes. While the defendant is free to advocate for a 360-month sentence, which he does at Dkt. No. 31 pages 7-8, that does not lead to the conclusion that probation erred in calculating his guideline range, or that the guidelines themselves are "counterintuitive." Probation correctly identified an issue warranting resolution, and then correctly applied U.S.S.G. § 5G1.2 to remedy it. The defendant's guideline range is properly calculated at 360-1,680 months, and this Court should impose a sentence within that range.

Respectfully,

CARLA B. FREEDMAN
United States Attorney

By: ______________________________

Jessica N. Carbone
Assistant United States Attorney
Bar Roll No. 703490